Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
Guo Li Zhang,
individually and on behalf of all other employees
similarly situated,

                                              Civil Action No.

                      Plaintiffs,
        v.

                                              **COMPLAINT**

J R SUSHI 2 INC,
Yi Feng Yang, and
Kai Tuan Wang,

                                          Defendants.
---------------------------------------------------------------x

Plaintiff, Guo Li Zhang, by his undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against the defendants J R SUSHI 2 INC, Yi Feng Yang, and Kai Tuan Wang, (hereinafter, collectively, "Defendants") to recover damages, he is: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all or less compensation then required by minimum wage law; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29 U.S.C. §§201 et seq.) and NYLL (New York Labor Law §§ 650 et seq. and other

appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff Guo Li Zhang ("Zhang") is an individual resident of the City and State of New York, with a residence located in New York.

7. Upon information and belief Defendant J R SUSHI 2 INC ("J R SUSHI") is a domestic corporation located at 86A W BROADWAY, NEW YORK, NEW YORK, 10007.

8. At relevant times, defendant J R SUSHI has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, defendant J R SUSHI has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at relevant times herein, defendant J R SUSHI has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at relevant times, defendant J R SUSHI has constituted an "enterprise" as defined in the FLSA.

12. Upon information and belief defendant J R SUSHI was an employer of Plaintiff.

13. Upon information and belief Defendant Yi Feng Yang ("Yang") is an individual who is an owner or part owner, manager, and principal of defendant J R SUSHI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Upon information and belief, defendant Yang was involved in the day-to-day operations of defendant J R SUSHI and played an active role in managing the business.

15. Upon information and belief Defendant Kai Tuan Wang ("Wang") is an individual who is an owner or part owner, manager, and principal of defendant J R SUSHI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Upon information and belief, defendant Wang was involved in the day-to-day operations of defendant J R SUSHI and played an active role in managing the business.

17. Upon information and belief Defendants Wang and Yang are married.

18. Defendants are employers within the meaning of the FLSA and New York Labor Law.

19. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## STATEMENT OF FACTS

20. Defendant J R SUSHI is a Japanese restaurant with bubble tea.

21. Plaintiff Zhang was employed primarily as a delivery man whose primary tasks consisted of delivering food for the business, cutting cardboards, pouring soy sauce into containers, and when not delivering food assisting with the frying of foods.

22. Plaintiffs work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities

### ZHANG

23. Plaintiff Zhang was employed by Defendants from approximately August 18, 2011 to May 20, 2019.

24. Plaintiff Zhang was normally scheduled to work Sunday, Monday, Tuesday, Wednesday, Thursday, and Friday from 11:00am to 11:00pm, with a single one hour break from 4pm to 5pm.

25. Plaintiff Zhang was paid twice per month, once on or around the 1st of each month and again around the 16th of each month, for a total of $1,200 per month, regardless of the hours worked.

26. Plaintiff Zhang was paid in cash.

27. Defendants did not pay Plaintiff minimum wage, overtime compensation, and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

28. Defendants' failure to pay Plaintiff an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

29. In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

30. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

31. Defendants did not provide Plaintiff with proper wage stubs of hiring statements as required by law.

32. Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

33. Defendants failed to provide Plaintiff with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

34. Upon information and belief, while Defendants employed Plaintiffs, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

35. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

36. At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

37. Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

38. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

39. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

40. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

43. Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

44. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

45. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

46. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

48. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours he worked in excess of forty hours per workweek.

49. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

52. Plaintiff repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Plaintiff were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New

York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

55. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

57. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

60. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

62. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64. Defendants willfully violated Plaintiff's rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

65. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

66. Due to Defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiff is entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

67. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## COUNT VII

### (Breach of Implied Contract for Reimbursement of all Costs and Expenses of Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiffs)

68. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

70. Plaintiff had actual "out-of-pocket" vehicle related expenses.

71. During Plaintiff's employment with Defendants he was forced to buy and replace his electric bicycles.

72. During Plaintiff's employment with Defendants he purchased 7 electric bicycles, at a cost of approximately $1,500 each.

73. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiffs to maintain the delivery vehicle in working condition.

74. Plaintiff purchased, maintained and repaired the bicycle and electric bicycles at their own expense.

75. Plaintiff performed these deliveries for the sole benefit of the Defendants.

76. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

77. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for

bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

78. Defendants never compensated Plaintiffs for any expenses incurred from the purchase and maintenance of the vehicle. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiffs a reasonable sum under the afore-alleged facts.

79. Defendants owe Plaintiffs their overdue costs of delivery vehicles and maintenance of the vehicles.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. Compensatory damages for Plaintiffs vehicles related expenses;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY

    March 25, 2020

Respectfully submitted,

/s/Vincent S. Wong
Vincent S. Wong, Esq. (VW9016)